**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4254**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE LUIS PEREZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:21-cr-00102-MR-WCM-1)

———————

Submitted:  July 15, 2026                                   Decided:  July 21, 2026

———————

Before WYNN, RICHARDSON, and HEYTENS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Eugene Ernest Lester, III, LESTER LAW, Greensboro, North Carolina, for Appellant.  Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Luis Perez appeals his convictions and the 260-month sentence imposed following a jury trial for possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C ) (Count 1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii) (Count 2); and possession with intent to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 3).  On appeal, Perez's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred by denying Perez's Fed. R. Crim. P. 29 motion for a judgment of acquittal and whether the sentence is reasonable.  Although notified of his right to do so, Perez did not file a pro se supplemental brief, and the Government declined to file a response brief.  We affirm.

"[O]n the defendant's motion[, the district court] must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).  "We review de novo a district court's denial of a Rule 29 motion." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021) (internal quotation marks omitted).  A conviction must be affirmed "when substantial evidence viewed in the light most favorable to the prosecution supports the verdict." *Id.* (internal quotation marks omitted).  Thus, in reviewing whether substantial evidence supports a verdict, "we make all reasonable inferences in favor of the Government and do not weigh evidence or credibility." *Id.* (citation modified).  Substantial evidence "is evidence that a reasonable finder of fact could

2

accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). Accordingly, "a defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (citation modified).

To establish that Perez was guilty of violating 21 U.S.C. § 841(a)(1), the Government had to prove that he (1) possessed a quantity of methamphetamine (Count 1) and 50 grams or more of actual methamphetamine (Count 3); (2) knowingly; and (3) with intent to distribute. *Moody*, 2 F.4th at 189. "Possession may be actual or constructive." *United States v. Sutton*, 126 F.4th 869, 875 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 145 S. Ct. 2764 (2025). "While actual possession requires physical control of the contraband, constructive possession can be established by showing ownership, dominion, or control over the contraband or the premises in which the contraband was concealed, along with knowledge of the presence of the contraband." *Id.* (citation modified). Furthermore, "because constructive possession requires knowledge of the contraband, the same evidence that establishes constructive possession will establish the first and second elements of § 841(a)(1)." *Id.* (citation modified).

To establish Perez's guilt on Count 2, the § 924(c) count, the Government had to prove that he "(1) committed a drug trafficking offense and (2) possessed a firearm (3) in furtherance of that drug offense." *United States v. Dennis*, 19 F.4th 656, 667 (4th Cir. 2021). We consider "a variety of factors to decide whether possession of a firearm furthered a drug offense, including: the type of drug offense, the type of firearm, its

3

proximity to drugs and drug profits, its accessibility, whether the firearm is illegally possessed," stolen, or loaded, "and the general circumstances surrounding the possession." *Moody*, 2 F.4th at 192.

We conclude that there was ample evidence to support Perez's convictions. Law enforcement recovered methamphetamine—including over 50 grams of actual methamphetamine—from Perez's vehicles. The methamphetamine was packaged for distribution, and testimony from a confidential informant and Perez's cellmate confirmed that he intended to distribute the methamphetamine he possessed. Moreover, a gun was located in one of Perez's vehicles, within arms reach of Perez, and in close proximity to drugs and a substantial amount of cash. *See id.* (listing "proximity to drugs and drug profits" as factor in analysis of whether firearm was possessed in furtherance of drug trafficking). We therefore discern no error in the district court's denial of Perez's Fed. R. Crim. P. 29 motion.

Turning to Perez's sentence, "[w]e review the reasonableness of a sentence . . . using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* If the district court committed no significant procedural error, we then assesses the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the

4

sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted).

We conclude that Perez's sentence is procedurally and substantively reasonable. The district court correctly calculated Perez's Guidelines range, listened to his allocution, addressed his arguments for a mandatory minimum sentence, and explained the chosen sentence in light of the § 3553(a) factors. Furthermore, the sentence was within the Guidelines range and is thus presumptively substantively reasonable. The court thoroughly explained why the sentence was appropriate, and nothing in the record suggests that it is nonetheless unreasonable when measured against the § 3553(a) factors.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. Accordingly, we affirm the criminal judgment. This court requires that counsel inform Perez, in writing, of the right to petition the Supreme Court of the United States for further review. If Perez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perez. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*